MICHAEL McPHERSON *vs.* JAMES W. KENNEY.

Suffolk.    January 14, 1908. — April 4, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Unlawful Interference.    Partnership.*

The declaration in an action of tort for maliciously interfering with a partnership composed of the plaintiff and one D. alleged that the defendant " caused the property of the partnership to be seized without due process of law," that his agents assumed control and management of the business, that he unlawfully prevented the plaintiff from participating in the business and "by intimidation and unlawful inducements caused D. to break his contract of partnership with the plaintiff and to exclude the plaintiff from said partnership business." At the trial there was no evidence of any malicious interference before June of a certain year. At that time the partnership was indebted to the defendant, and it appeared that the plaintiff from time to time had been withdrawing money from the partnership to pay a note held by the defendant, but had not so applied the money. The note being protested for non-payment, the defendant caused various suits to be instituted against the partnership to enforce the payment of the sums due to him. The suits were settled by the plaintiff's making an agreement and signing a bond, one of the terms of which was that he should have nothing further to do with the active management of the business, but that it should be managed entirely by persons appointed by the defendant. The terms of such agreement were carried out and insisted on by the defendant, and it did not appear that he was not acting in good faith in so doing. *Held*, that there was no evidence of malicious interference with the plaintiff's business.

TORT for alleged malicious interference with a contract of copartnership. Writ in the Superior Court for the county of Suffolk dated March 23, 1901.

The declaration alleged that the plaintiff and one Doherty, as partners, owned and conducted a good and profitable hotel and liquor business on June 1, 1900, and in the first count stated that on that date " the defendant, maliciously intending and contriving to ruin the plaintiff and confederating and conspiring with the said Doherty to injure and ruin the said plain-

tiff in said business, break up the said partnership, remove the plaintiff therefrom, and establish the said Doherty alone in said business, caused the property and business of said partnership to be seized without due process of law by the servants and agents of the defendant; that said servants and agents of the defendant assumed the custody, control, and management of said partnership business and property, and collected the proceeds and income thereof and paid over the same to the defendant and upon his order in fraud of the plaintiff and without his consent or acquiescence; that the defendant, his agents and servants unlawfully prevented the plaintiff from participating in said partnership business, . . . excluded him from access to the property of said partnership and from its place of business, . . . by intimidation and unlawful inducements caused . . . Doherty to break his contract of partnership with the plaintiff and to exclude the plaintiff from said partnership business. . . ."

The second count alleged that " the defendant by intimidation and unlawful inducements procured the said Doherty to break his contract of partnership with the plaintiff and to deliver to the defendant possession and control of the place of business and the property of said partnership and to exclude the plaintiff from participation in said business; that the defendant, by the means aforesaid and in fraud of the plaintiff, procured the proceeds of said partnership business to be paid over to him and the said partnership to become indebted to him in large sums and by unlawful inducements and intimidation procured the said Doherty to conceal the books of said business from the plaintiff and to refuse to deliver the same to the plaintiff and to refuse to account to the plaintiff for the plaintiff's share of the profits of said business, . . . that, by reason of the acts of the defendant as aforesaid, the said business has come under the management and control of the defendant without the consent or acquiescence of the plaintiff, and the defendant unlawfully retains possession and control thereof and has deprived the plaintiff of the profits and advantages that he would have otherwise made and received from the said business."

The action was referred to an auditor, who filed a report. At the trial, which was before *De Courcy*, J., without a jury, the auditor's report was the only evidence.

In his report, besides the facts stated in the opinion, the auditor found that the defendant owned the real estate upon which the business of the plaintiff and his partner had been conducted, and had advanced to them large sums at various times for the purposes of the business; that in May, 1900, he advanced them $1,300 on a note to assist them to procure a new license, that thereafter from time to time the plaintiff withdrew $1,300 from the business for the purpose of paying to the defendant the note for that sum, but did not pay any of it, and the note was protested for non-payment in June, 1900.

The auditor also found that it was not contended " that the accounts [of the partnership] show any profit down to June, 1900," and " I cannot find any ground to charge the defendant with any acts done in the business before June, 1900, for the partners were in active control and management. . . . After June, 1900, Doherty was at all times under the direction and control of the defendant in all matters connected with the business, and exercised no authority in the business except at the defendant's direction. . . . For a large part of this time, Doherty exercised no authority or control over the business affairs of the hotel, and had no access to the cash or books, . . . the business was run solely for the benefit and advantage of the defendant and the companies with which he was connected," and Doherty, at his solicitation, acquiesced in all of the defendant's acts and assisted and allowed him to accomplish them.

The judge found for the defendant and, at the request of the parties, reported the case for consideration by this court.

*F. H. Stewart,* (*C. W. Bartlett* with him,) for the plaintiff.

*T. Hunt,* for the defendant.

HAMMOND, J.   On June 6, 1900, the firm, then consisting of the plaintiff and one Doherty, was largely indebted to the defendant as an individual and also to concerns in which he was interested; and the auditor has found that on that day the defendant placed all these various claims in the hands of his counsel, with directions to collect them.   The auditor further finds as follows:

" Two suits were brought against the firm of Doherty and McPherson, their property attached and a keeper put in the

hotel; and a suit against McPherson individually and his property attached; and a bill in equity to reach real estate of McPherson alleged to be standing in the name of another party.

"These suits were settled upon the following terms: McPherson was to pay back the $1300, was to agree to have nothing to do with the active management of the hotel, have nothing to do with the cash or funds. That a manager should be appointed to conduct the business and that McPherson should give bond with surety that he would not contract any indebtedness with any person or firm except with the defendant Kenney or the companies with which said Kenney was connected. . . .

"These terms the plaintiff agreed to under the advice of counsel, and on June 15, 1900, executed the bond in evidence."

The condition of the bond was as follows: " The condition of the obligation is such that if the said McPherson shall not, after the date hereof and until May 1, 1901, contract any indebtedness on behalf of said firm to any person, firm or corporation, except to James W. Kenney, Union Brewing Company and Bay State Wine and Spirit Company, then this obligation shall be void, otherwise it shall be and remain in full force and virtue. It is agreed that in case of a breach of the condition of this bond, the total amount of indebtedness contracted in violation hereof by said McPherson shall be considered as liquidated damages and payable as such and not as a penalty. This bond shall be construed as applying only to indebtedness contracted by McPherson personally, and not to indebtedness contracted by any other member of the firm, or its employees. In case of the receipt of money under this bond, it shall be applied to the reduction of the firm's indebtedness to said Kenny, Union Brewing Company, Bay State Wine and Spirit Company or to other indebtedness of the firm."

It thus appears that the plaintiff had voluntarily released substantially all control of the business. It does not appear that he made any objection to the manner in which it was afterwards carried on, or to the fact that Doherty was simply obeying the directions of the defendant. For all that appears in the record, the defendant was proceeding in good faith to carry out the agreement and to enable the firm to pay its debts. He was interested to have this done, and it does not appear that he

thought or had any reason to think he was doing anything to which the plaintiff objected. There does not appear to be any evidence of malicious interference with the plaintiff's business.

*Judgment on the verdict.*